

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F Street, NE
Washington, DC 20549

| | |
|---|---|
| DIVISION OF<br>ENFORCEMENT | Timothy K. Halloran<br>Senior Trial Counsel<br>Tel:  202-551-4414<br>Email:  hallorant@sec.gov |

July 11, 2023

**VIA ECF**
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *SEC v. Sun*, *et al.*, Case No. 1:23-cv-02433-ER (S.D.N.Y.)

Dear Judge Ramos:

      Plaintiff Securities and Exchange Commission (the "SEC"), pursuant to this Court's Individual Practice Rule 2.A.ii., respectfully requests a pre-motion conference to discuss a proposed motion to serve the Complaint by alternative means on the only two defendants who have not yet been served – Justin Sun ("Sun") and the Tron Foundation Limited (the "Tron Foundation"). Specifically, the SEC seeks permission to serve Sun and the Tron Foundation by (1) email to defense counsel of record at Fenwick & West ("Fenwick"); (2) email to Sun; and (3) Twitter message to Sun. The basis for the anticipated motion is summarized below.

**I.**      **BACKGROUND**

      This action arises from Sun's orchestration of the unregistered offer and sale, manipulative trading, and unlawful touting of crypto asset securities. *See* ECF No. 1 at ¶ 1. Working through several companies that he owns and controls – including Defendants Tron Foundation, BitTorrent Foundation Ltd. ("BitTorrent Foundation"), and Rainberry, Inc. ("Rainberry") – Sun engineered the unregistered offer and sale of two crypto asset securities called "TRX" and "BTT," which were widely distributed to the public. *Id*. at ¶ 2. Sun also directed manipulative wash trading of TRX. *Id*. ¶ 4. And Sun created a promotional campaign that involved paying celebrities to tout TRX and BTT on social media without disclosing that they had been paid for these promotional efforts. *Id*. at ¶¶ 5-6.

      Four of the six defendants in this action are affiliated with Sun (the "Sun Defendants"): (1) Sun, who is believed to reside in Singapore; (2) Tron Foundation, which is based in Singapore and owned and controlled by Sun; (3) BitTorrent Foundation, which is based in

Singapore and owned and controlled by Sun; and (4) Rainberry, which is based in California and owned and controlled by Sun.  *See id.* at ¶¶ 12-15.[1]

The only Sun Defendant based in the United States – Rainberry – waived service of a summons here.  *See* ECF No. 15.  Rainberry is represented in this action by Fenwick.  *See id*.

To serve the three Sun Defendants based in Singapore, the SEC used the services of a law firm in Singapore, the WongPartnership LLP.  That law firm successfully served BitTorrent Foundation.  *See* ECF No. 17.  BitTorrent Foundation also is represented in this action by Fenwick.  *See* ECF No. 20 at 1.

Despite multiple attempts at known addresses, the WongPartnership was not able to serve Sun or the Tron Foundation.[2]  The SEC's counsel asked Fenwick if they would waive service of a summons for Sun and the Tron Foundation, but Fenwick indicated they were not authorized to do so.  Later, however, Fenwick informed the SEC's counsel that Fenwick was authorized to represent *all the Sun Defendants* for purposes of discussing a potential settlement of this action.  Based on that representation, the SECs' counsel engaged in preliminary settlement discussions with Fenwick, although no settlement with the Sun Defendants has been reached.

Besides representing Sun and the Tron Foundation in settlement discussions here, Fenwick also represents Sun and the Tron Foundation in ongoing securities litigation in this district.  *See Clifford, et al. v. Tron Foundation, et al.*, No. 1:20-cv-02804-VSB (S.D.N.Y.), Letter from Dean S. Kristy to Judge Broderick, Mar. 28, 2023, ECF No. 105 at 1 ("We represent defendants TRON Foundation … and Justin Sun ….").  Thus, Fenwick clearly is in communication with their clients, Sun and the Tron Foundation.

Additionally, during the SEC's investigation, the SEC staff obtained emails sent and received by Sun, including from the email address justin@tron.network.  The SEC staff also obtained public tweets sent by Sun from the Twitter address @justinsuntron.  Indeed, on March 22, 2023, the same day the SEC filed this action, Sun tweeted about the Complaint, stating: "The SEC's civil complaint earlier today is just the latest example of actions it has taken against well known players in the blockchain and crypto space.  We believe the complaint lacks merit …."  Thus, despite not having been served yet, Sun already is aware of the SEC's Complaint.

## II.     ARGUMENT

Federal Rule of Civil Procedure 4(f) governs service on an individual in a foreign country and provides three methods of service:  (1) by an internationally agreed means of service such as the Hague Convention; (2) by certain other methods reasonably calculated to give notice; or (3) "by other means not prohibited by international agreement, as the court orders."  Rule 4(h)(2) governs service on a foreign corporation and allows service "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

---

[1]     The other two Defendants in this action – Austin Mahone and DeAndre Cortez Way – have been served and are not relevant to the SEC's requested motion for alternate service.

[2]     If permitted to file the anticipated motion, the SEC intends to submit one or more declarations to provide evidentiary support, as needed, for the facts alleged herein.

"Singapore is not a party to the Hague Service Convention," so that method of service is not available here. *US Fire Pump Co., LLC v. Alert Disaster Control (Middle East) Ltd.*, 2021 WL 296073, at *13 (M.D. La. Jan. 28, 2021). Under these circumstances, courts have held that alternative service under Rule 4(f)(3) is appropriate, so long as it is not prohibited by international agreement and the method of service comports with due process. *See, e.g., Elsevier, Inc. v. Chew*, 287 F. Supp. 3d 374, 378 (S.D.N.Y. 2018). To satisfy due process, the means of service must be "reasonably calculated, under all circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (citation omitted). The decision whether to allow alternate service under Rule 4(f)(3) is committed to a district court's discretion. *Id*.

The SEC is not aware of any international agreement that prohibits the three types of alternative service requested here. First, as to service on Fenwick, "service on a foreign party's attorney is appropriate if the attorney has had prior communications with the party and is likely to be able to notify him of the pendency of the action." *Su v. Sotheby's Inc.*, 2018 WL 4804675, at *4 (S.D.N.Y. Oct. 3, 2018); *see also In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) ("In many instances, courts have authorized service under Rule 4(f)(3) on an unserved party's counsel.") (collecting cases); *In re BRF S.A. Sec. Litig.*, 2019 WL 257971, at *5 (S.D.N.Y. Jan. 18, 2019) (allowing service on foreign parties' counsel in separate criminal proceeding). Here, given Fenwick's representation of Sun and the Tron Foundation – both for settlement discussions in this case and other, ongoing litigation in this district – Fenwick certainly is able to notify those parties of this action.

Second, as to service by email to Sun – individually and as the principal of Tron Foundation – "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *CKR Law LLP v. Anderson Investments Int'l, LLC*, 525 F. Supp. 3d 518, 525 (S.D.N.Y. 2021); *see also Elsevier*, 287 F. Supp. 3d at 379 (similar). Third, "service via known social media accounts is permissible." *In re Bibox Group Holdings Ltd. Sec. Litig.*, 2020 WL 4586819, at *2 (S.D.N.Y. Aug. 10, 2020); *see also In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 2966563, at *3 (S.D.N.Y. Apr. 17, 2023) (allowing service by Twitter). Here, as noted above, Sun has sent and received emails using the email address justin@tron.network, and Sun has tweeted about the SEC's Complaint in this case from the twitter address @justinsuntron. Thus, service to Sun's email and Twitter addresses are likely to reach Sun, both as an individual defendant and the principal of Tron Foundation.

### III.   CONCLUSION

Accordingly, the SEC respectfully requests a pre-motion conference to discuss its anticipated motion for service by alternative means.

Respectfully submitted,

/s/ Timothy K. Halloran
Timothy K. Halloran

cc:   Counsel of Record (via ECF)