# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-02433-ER |
| JUSTIN SUN, TRON FOUNDATION LIMITED, BITTORRENT FOUNDATION LTD., RAINBERRY, INC., AUSTIN MAHONE, and DEANDRE CORTEZ WAY, | |
| Defendants. | |

**FINAL JUDGMENT AS TO DEFENDANT AUSTIN MAHONE**

The Securities and Exchange Commission having filed a Complaint and Defendant

Austin Mahone ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact

and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 17(b) of the Securities Act of 1933

("Securities Act"), 15 U.S.C. § 77q(b), by the use of any means or instruments of transportation

or communication in interstate commerce or by the use of the mails, to publish, give publicity to,

or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or

communication which, though not purporting to offer a security for sale, describes such security

for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d)(5), Defendant is, for a period of three years, restrained and enjoined from receiving or agreeing to receive any form of compensation or consideration, directly or indirectly, from any issuer, underwriter, or dealer, for directly or indirectly publishing, giving publicity to, or circulating any notice, circular, advertisement, newspaper, article, letter, investment service, or communication, which, though not purporting to offer a crypto asset security for sale, describes such crypto asset security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $7,507, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $682, and a civil penalty in the amount of $37,535 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d).  Defendant shall satisfy this obligation by paying $45,724 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mahone as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such

4

a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall

not be deemed an additional civil penalty and shall not be deemed to change the amount of the

civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against Defendant by or on behalf of one or

more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

Defendant shall pay the total disgorgement, prejudgment interest, and penalty due of

$45,724 in four installments to the Commission according to the following schedule:  (1)

$15,242 within 30 days following entry of this Final Judgment; (2) $15,241 within 120 days

following entry of this Final Judgment; (3) $15,241 within 240 days following entry of this Final

Judgment; and (4) any remaining amounts due under this Final Judgment within 360 days

following the entry of this Final Judgment.  Payments shall be deemed made on the date they are

received by the Commission and shall be applied first to post-judgment interest, which accrues

pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days following the entry of

Final Judgment.  Prior to making the final payment set forth herein, Defendant shall contact the

staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed

according to the schedule set forth above, all outstanding payments under this Final Judgment,

including post-judgment interest, minus any payments made, shall become due and payable

immediately at the discretion of the staff of the Commission without further application to the

Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____        _____
                                        UNITED STATES DISTRICT JUDGE