

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F Street, NE
Washington, DC 20549

| | |
|---|---|
| **DIVISION OF<br>ENFORCEMENT** | Timothy K. Halloran<br>Senior Trial Counsel<br>Tel: 202-551-4414<br>Email: hallorant@sec.gov |

February 28, 2024

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *SEC v. Sun, et al.*, Case No. 1:23-cv-02433-ER (S.D.N.Y.)

Dear Judge Ramos:

      Plaintiff Securities and Exchange Commission ("SEC"), pursuant to Individual Practice Rule 2.A.ii. and this Court's Order dated February 20, 2024, respectfully submits this response to the pre-motion letter by Defendants Justin Sun ("Sun"), Tron Foundation Limited ("Tron Foundation"), BitTorrent Foundation Ltd. ("BitTorrent Foundation"), and Rainberry, Inc. ("Rainberry") (collectively, "Defendants") regarding Defendants' anticipated motion to dismiss.

      The SEC's Complaint sufficiently alleges multiple claims against Defendants, and thus any motion to dismiss is unlikely to succeed. Nevertheless, the SEC recognizes that the Court may request full briefing on Defendants' anticipated motion. To the extent the Court does so, having conferred with Defendants' counsel and obtained their consent, the SEC respectfully requests that the Court allow the following briefing schedule: (1) Defendants' omnibus motion to be filed by March 28, 2024, with a 50-page limit for the supporting brief; (2) SEC's opposition brief to be filed by May 2, 2024, with a 50-page limit; and (3) Defendants' reply brief to be filed by May 30, 2024, with a 25-page limit.[1]

**I.    Background**

      This case arises from Sun's orchestration of the unregistered offer and sale, manipulative trading, and unlawful touting of crypto asset securities. ECF No. 1 ¶ 1. Working through several entities that he owns and controls – including Tron Foundation, BitTorrent Foundation, and Rainberry – Sun engineered the unregistered offer and sale of two crypto asset securities

---

[1] If the SEC elects to file an amended complaint as a matter of course, it will do so within 21 days after service of Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

called TRX and BTT, which were marketed and distributed to the public, including investors in the United States. *Id*. ¶¶ 2, 27, 36, 38, 40, 50. Sun also directed the manipulative wash trading of TRX on a trading platform that was based in the United States, using Rainberry employees in the United States to assist in this scheme. *Id*. ¶¶ 4, 159, 161-178. Additionally, Sun – acting through the other Defendants – directed a promotional campaign that involved paying celebrities in the United States to tout TRX and BTT on social media without disclosing that they had been paid for their promotional efforts. *Id*. ¶¶ 5-6, 16-17, 179-187. Finally, to conceal the truth about the celebrity touting campaign, Sun falsely represented to the investing public that he and the other Defendants did *not* pay celebrities to tout. *Id*. ¶¶ 186-187.

Based on the foregoing conduct, the SEC brought claims against Defendants for unregistered securities offerings (*id*. ¶¶ 188-190); various types of securities fraud (*id*. ¶¶ 191-199); and aiding and abetting securities touting violations (*id*. ¶¶ 203-206).

## II.   Argument

Defendants' pre-motion letter asserts seven purported arguments for dismissal. *See* ECF No. 43 at 2-3. None is persuasive.

*First*, contrary to Defendants' suggestion, the Court may and should exercise personal jurisdiction over Sun, Tron Foundation, and BitTorrent Foundation.[2] In *SEC v. Terraform Labs Pte. Ltd*., --- F. Supp. 3d ---, 2023 WL 4858299 (S.D.N.Y. July 31, 2023), which involved Singapore-based defendants who offered and sold unregistered crypto asset securities around the world, including in the United States, Judge Rakoff rejected substantially the same argument now asserted by Defendants. Judge Rakoff ruled that personal jurisdiction was proper over the foreign defendants because they "'purposefully availed themselves of the [United States] by promoting the digital assets at issue' . . . 'to U.S.-based consumers and investors.'" *Id*. at *5 (citations omitted). Here, similarly, the Complaint alleges that Sun, Tron Foundation, and BitTorrent Foundation promoted, and directed others to promote, TRX and BTT to investors in the United States. *See* ECF No. 1 ¶¶ 27, 36, 38, 40, 50, 16-17, 179-187. Additionally, Sun directed the manipulative wash trading of TRX on a trading platform based in the United States, using employees of Tron Foundation and BitTorrent Foundation and U.S.-based employees of Rainberry. *Id*. ¶¶ 157-178. In short, Defendants "direct[ed] their actions toward residents of . . . the United States," and thus personal jurisdiction over them is appropriate. *Terraform*, 2023 WL 4858299, at *5.

*Second*, Defendants suggest that referring to "three entities and Mr. Sun as the 'Sun Defendants'" constitutes "impermissible group pleading." ECF No. 43 at 2. Defendants are incorrect. The allegations of the Complaint, when read "as a whole," are sufficient to "'inform each defendant of the nature of [its] alleged participation'" in the violations. *Lorely Financing (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 171-72 (2d Cir. 2015) (complaint

---

[2] Rainberry "does not challenge this Court's jurisdiction over it." ECF No. 43 at 1 n.1. Yet Rainberry asserts that "venue would be more appropriate in California," where Rainberry is incorporated and headquartered. *Id*. That assertion, however, is not sufficient to override the SEC's choice of forum. *See, e.g.*, *SEC v. Milton*, No. 21 Civ. 6445 (AKH), 2022 WL 3156180, at *9 (S.D.N.Y. Aug. 8, 2022) (recognizing the "deference due" to SEC's choice of forum and declining to transfer venue to states where defendant's office or home were located).

pled with sufficient particularity even though it referred to "three Wachovia entities who acted together," collectively, as "Wachovia").

*Third*, the conduct alleged in the Complaint is within the territorial bounds of the federal securities laws and *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010). Defendants' single-sentence argument does not explain how the Complaint might run afoul of *Morrison*. *See* ECF No. 43 at 2. In any event, the Complaint alleges violations from "transactions in securities listed on domestic exchanges, and domestic transactions in other securities," *Morrison*, 561 U.S. at 267, which are actionable. *See, e.g.*, ECF No. 1 ¶¶ 36, 50, 58, 62, 87, 159, 172-178.

*Fourth*, Defendants contend that the digital assets at issue were not offered and sold as "investment contracts" under *SEC v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946). *See* ECF No. 43 at 3. Defendants' argument is based largely on Judge Torres's order in *SEC v. Ripple Labs, Inc.*, --- F. Supp. 3d ---, 2023 WL 4507900 (S.D.N.Y. July 13, 2023). ECF No. 43 at 3. But Defendants acknowledge that Judge Rakoff expressly rejected the reasoning of *Ripple* in *Terraform*. *See id*. at n.4. The SEC submits that Judge Rakoff's reasoning is more persuasive and anticipates expounding on that reasoning in full briefing on Defendants' motion.

*Fifth*, Defendants claim – without citation to a single case – that the SEC's allegations of wash trading "lack specificity" and do not sufficiently allege scienter. ECF No. 43 at 3. That argument fails. The SEC specifically alleges who engaged in wash trading (Sun and employees of Tron Foundation, Rainberry, and BitTorrent Foundation); what they did (manipulative wash trading without any change in beneficial ownership); when they did it (February 2018 through February 2019); where they did it (in four specific accounts on a trading platform based in the United States); and why they did it (to artificially inflate the trading volume of TRX, to induce the purchase of TRX by others, and to make it easier for Sun and Tron Foundation to sell TRX at a stable price). *See* ECF No. 1 ¶¶ 157-178. Those allegations, when viewed in the light most favorable to the SEC for purposes of a motion to dismiss, "support a plausible inference that it is more likely than not that a securities law violation has been committed." *SEC v. Honig*, No. 18 Civ. 8175 (ER), 2021 WL 276155, at *5 (S.D.N.Y. Jan. 27, 2021).

*Sixth*, Defendants assert – without citing any case or paragraph of the Complaint – that the SEC's claim for aiding and abetting touting violations is insufficient. *See* ECF No. 43 at 3. This claim requires only (1) a primary touting violation, (2) Defendants' knowledge or reckless failure to know of the violation, and (3) Defendants' substantial assistance in the violation. *See SEC v. Contrarian Press, LLC*, No. 16-CV-6964 (VSB), 2019 WL 1172268, at *9 (S.D.N.Y. Mar. 13, 2019). The Complaint alleges those elements. *See* ECF No. 1. ¶¶ 179-187, 203-206.

*Finally*, Defendants claim – again without citation to any legal authority – that crypto asset regulation is a so-called "major question," which "requires Congressional action." ECF No. 43 at 3. In *Terraform*, Judge Rakoff squarely addressed and rejected that same argument. *See* 2023 WL 4858299, at *7-9. This Court should do the same.

### III. Conclusion

Accordingly, if the Court permits Defendants to file their motion to dismiss, the SEC respectfully requests that the Court allow the proposed, agreed-upon briefing schedule above.

Respectfully submitted,

/s/ Timothy K. Halloran
Timothy K. Halloran

cc:   Counsel of Record (via ECF)