

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, NE
Washington, DC 20549

DIVISION OF
ENFORCEMENT

Timothy K. Halloran
Senior Trial Counsel
Tel: 202-551-4414
Email: hallorant@sec.gov

August 12, 2024

**VIA ECF**
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   Re:  *SEC v. Sun, et al.*, Case No. 1:23-cv-02433-ER (S.D.N.Y.)

Dear Judge Ramos:

  Plaintiff Securities and Exchange Commission ("SEC"), pursuant to Individual Practice Rules 2.A.ii. and 2.B.i., respectfully requests a pre-motion conference regarding an anticipated Motion to Strike Untimely Argument or, Alternatively, for Leave to File Sur-reply.

  It is improper for a party to raise a new argument for the first time in a reply brief. But that is what the Sun Defendants did here.[1] In their recent Reply in Support of their Motion to Dismiss the Amended Complaint, the Sun Defendants asserted a new argument—not made in their opening Memorandum—regarding the "common enterprise" prong of the *Howey* test.[2]

  Under relevant precedent, the Sun Defendants' new argument should not be considered for purposes of the pending Motion to Dismiss because it was advanced for the first time in a reply brief. Alternatively, if the Court is inclined to consider that untimely argument, the SEC respectfully seeks leave to file a sur-reply of up to three (3) pages to address the new argument.

---

[1] The "Sun Defendants" are Defendants Justin Sun, the Tron Foundation Limited, the BitTorrent Foundation Ltd., and Rainberry, Inc.

[2] In *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946), the Supreme Court set out a three-part test for evaluating what constitutes an "investment contract," and thus a "security," under the Securities Act of 1933. As this Court has explained, "the *Howey* test requires '(i) an investment of money (ii) in a common enterprise (iii) with profits to be derived solely from the efforts of others.'" *SEC v. Genesis Global Capital, LLC*, No. 23-cv-00287 (ER), 2024 WL 1116877, at *5 (S.D.N.Y. Mar. 13, 2024) (citation omitted).

## I. Background

On May 30, 2024, the Sun Defendants filed a Motion to Dismiss the SEC's Amended Complaint. *See* ECF Nos. 61, 62. The Sun Defendants argued, among other things, that TRX and BTT were not offered or sold as investment contracts, and thus were not securities, because certain elements of the *Howey* test were not satisfied. *See* ECF No. 62 at 38. Specifically, the Sun Defendants raised arguments under the first prong of the *Howey* test (investment of money) and the third prong of the test (expectation of profits from the efforts of others). *Id*. at 38-43. But the Sun Defendants did not raise any argument under the second prong of the *Howey* test (common enterprise). *See id*. In fact, the Sun Defendants' only reference to the common enterprise prong was in their recitation of the *Howey* test itself. *See id*. at 38.

On June 28, 2024, the SEC filed its Opposition brief, which addressed the relevant arguments raised in the Motion to Dismiss. *See* ECF No. 64. But because the Sun Defendants did not challenge the common enterprise element of the *Howey* test in their Motion to Dismiss, the SEC did not address that apparently uncontested element in its Opposition. *See* ECF No. 64.[3]

On July 31, 2024, the Sun Defendants filed a Reply in support of their Motion to Dismiss. *See* ECF No. 67. In their Reply, the Sun Defendants argued for the first time that the common enterprise element of the *Howey* test was not met, asserting:

> It defies common sense to claim that purchasers bought 'TRX' (on Bittrex or any other platform) expecting those funds would be invested in a *common enterprise* when the seller is unknown…. The SEC does not allege that any defendant told BTT buyers they would benefit from the growth of a *common enterprise*. And the only allegation related to 'TRX' is a statement pulled out of context from the ICO whitepaper … about 'ecosystem' growth.

ECF No. 67 at 22-23 (shown emphasis added; original emphasis omitted).

## II. Argument

### A.   The Sun Defendants' untimely common enterprise argument should not be considered for purposes of the pending Motion to Dismiss

"[A]rguments raised for the first time on reply are not appropriately before the Court." *Minnie Rose, LLC v. Yu*, No. 15-cv-1923 (ER), 2023 WL 7386024, at *11 (S.D.N.Y. Nov. 8, 2023). This legal proposition is routinely applied, including in SEC enforcement actions. *See, e.g., SEC v. Collector's Coffee Inc.*, No. 19 Civ. 4355 (VM) (GWG), 2021 WL 1956369, at *5 n.3 (S.D.N.Y. May 17, 2021) (declining to reach argument raised for first time in reply brief), *adopted*, 2021 WL 3082209 (S.D.N.Y. July 21, 2021); *SEC v. Ahmed*, No. 3:15cv675 (JBA), 2019 WL 4256345, at *2 n.2 (D. Conn. Sept. 9, 2019) (arguments "raised for the first time in

---

[3]   The SEC's Opposition made clear that it only addressed the elements of the *Howey* test that the Sun Defendants contested: "The Sun Defendants challenge only certain elements of the *Howey* test—specifically, the first and third prongs of the test—as applied to certain offerings alleged in the Amended Complaint. *See* ECF No. 62 at 38-43. This [Opposition] brief addresses the elements that the Sun Defendants challenge and rebuts their arguments." ECF No. 64 at 27 n.12.

[defendant's] reply brief will not be considered"); *SEC v. Aragon Cap. Advisors, LLC*, No. 07 Civ. 919(FM), 2011 WL 3278907, at *13 n.16 (S.D.N.Y. July 26, 2011) (refusing to consider issue raised for first time in reply brief).

Here, the Court allowed the Sun Defendants to file a 50-page Memorandum in Support of their Motion to Dismiss. The Sun Defendants used the entire page limit, but they chose not to raise any argument under the common enterprise element of the *Howey* test. *See* ECF No. 62 at 38-43. Instead, the Sun Defendants raised a common enterprise argument for the first time in their Reply. *See* ECF No. 67 at 22-23. That untimely argument is not properly before the Court and should not be considered for purposes of the pending Motion to Dismiss.[4]

**B.      Alternatively, if the Court considers the untimely common enterprise argument, the SEC should be allowed to file a sur-reply**

This Court's Individual Practice Rule 2.B.i. does not allow a sur-reply unless prior permission has been granted. Motions for leave to file a sur-reply are subject to the Court's discretion. *See SEC v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022). A court may allow a sur-reply to address "arguments raised for the first time in a reply brief." *Id*.

Although the Sun Defendants' untimely common enterprise argument should not be considered for purposes of the pending Motion to Dismiss, if the Court is inclined to consider that argument, the SEC should be allowed a short sur-reply to address it. For example, a "common enterprise" may be established by showing "horizontal commonality," which involves "the tying of each individual investor's fortunes to the fortunes of the other investors by the pooling of assets, usually combined with the pro-rata distribution of profits." *Genesis*, 2024 WL 1116877, at *6 (citation omitted). And "[h]orizontal commonality is present where 'the fortunes of each investor depend upon the profitability of the enterprise as a whole.'" *Id*. (citation omitted). Here, as would be further explained in a sur-reply, if permitted, the Amended Complaint alleges ample facts to support the common enterprise prong of the *Howey* test. *See, e.g.*, ECF No. 59 ¶¶ 33, 51, 70, 77, 96.

**III.    Conclusion**

Accordingly, the SEC respectfully requests a pre-motion conference to address the anticipated motion outlined above.

Respectfully submitted,

/s/ Timothy K. Halloran
Timothy K. Halloran

cc:      Counsel of Record (via ECF)

---

[4] The Sun Defendants remain free to raise a common enterprise argument at a later stage of this litigation, provided they do so in an appropriate procedural posture.