

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, NE
Washington, DC 20549

DIVISION OF
ENFORCEMENT

Timothy K. Halloran
Senior Trial Counsel
Tel: 202-551-4414
Email: hallorant@sec.gov

October 25, 2024

**VIA ECF**
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:     *SEC v. Sun*, *et al.*, Case No. 1:23-cv-02433-ER (S.D.N.Y.)
                 Notice of Supplemental Authority

Dear Judge Ramos:

      Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter to notify the Court of a recent opinion by Judge Broderick in *Hardin v. Tron Foundation*, *et al.*, Case No. 1:20-cv-02804-VSB (S.D.N.Y. Oct. 23, 2024) (attached hereto as **Exhibit 1**), which is relevant to the Motion to Dismiss currently pending before this Court.  *See* ECF Nos. 61, 62. Judge Broderick's opinion in *Hardin* further supports denial of the Motion to Dismiss here, as previously requested by the SEC in its Opposition.  *See* ECF No. 64.

      *Hardin* is a putative class action against certain defendants in this case, the Tron Foundation and Justin Sun, in which plaintiffs alleged that defendants violated certain provisions of the Securities Act of 1933 ("Securities Act") by offering and selling TRX as a security without registration.  *See* Ex. 1 at 1-2.  The *Hardin* plaintiffs asserted that TRX was offered and sold in an initial coin offering ("ICO") on a global crypto asset trading platform called Binance, allegedly based in Malta, and later plaintiffs, who resided in Nevada and Texas, purchased TRX through Binance.  *Id*. at 5, 31.  Sun and the Tron Foundation moved to dismiss on various grounds, including purported lack of personal jurisdiction (arguing that the Tron Foundation is based in Singapore and Sun resides in Asia) and extraterritoriality (claiming that the federal securities laws do not reach the transactions at issue).  *See id*. at 13, 31.  Judge Broderick rejected both arguments and substantially denied defendants' motion to dismiss.[1]

---

[1]      Judge Broderick granted the motion to dismiss certain claims asserted under Securities Act § 12(a)(2) as time-barred and for lack of standing.  *See* Ex. 1 at 23, 26.  That portion of the opinion is not relevant here because, among other things, the SEC did not bring any claims under § 12(a)(2) and the Sun Defendants did not raise any statute of limitations or standing arguments in their Motion to Dismiss.  *See* ECF No. 62.

First, regarding personal jurisdiction, Judge Broderick found that defendants "'purposefully availed' themselves of conducting activities in the United States." *Id*. at 13 (citation omitted). Judge Broderick explained that Sun and the Tron Foundation "promoted the sale of TRX tokens in the United States market through social media and advertising efforts," including various tweets by Sun; "Sun attended and spoke at conferences in the United States" at which he promoted the Tron ecosystem and TRX; and defendants opened an office in California and listed TRX on domestic platforms. *Id*. at 13-14. Thus, Sun and the Tron Foundation had "sufficient contacts with the United States for specific jurisdiction." *Id*. at 15. Additionally, Judge Broderick found that, although Sun and the Tron Foundation were "located abroad," exercising personal jurisdiction over them was "entirely reasonable." *Id*. at 16.[2]

Second, as to extraterritoriality, Judge Broderick concluded that the transactions at issue were within the territorial reach of the federal securities laws. As Judge Broderick explained, the federal securities laws reach (1) "transactions in securities listed on domestic exchanges" and/or (2) "domestic transactions in other securities." *Id*. at 30 (quoting *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 267 (2010)). While defendants asserted that the federal securities laws did not apply to the relevant transactions "because Plaintiffs purchased TRX on Binance, a Malta-based company," Judge Broderick disagreed. *Id*. at 31. He concluded that at least the second prong of *Morrison* was satisfied because plaintiffs "placed their trades in Nevada and Texas," where they resided. *Id*. at 31-32. Thus, the transactions at issue "occurred in both the United States and Malta," and, at the motion to dismiss stage, Judge Broderick "reasonably infer[red] that the transaction[s] [were] domestic." *Id*. at 32.[3]

*Hardin* is relevant to the Motion to Dismiss pending before this Court because it involves: (1) two of the same defendants here (Sun and the Tron Foundation); (2) unregistered offers and sales of one of the same crypto assets as here (TRX); and (3) the firm rejection of two arguments asserted by Sun and the Tron Foundation here (personal jurisdiction and extraterritoriality). Accordingly, *Hardin* supports denial of the Motion to Dismiss, as previously requested in the SEC's Opposition. *See* ECF No. 64 at 16-25 (addressing personal jurisdiction); *id*. at 32-40 (addressing extraterritoriality).

Respectfully submitted,

/s/ Timothy K. Halloran
Timothy K. Halloran

cc:    Counsel of Record (via ECF)

---

[2]    Similar to *Hardin*, the SEC's Amended Complaint alleges, among other things, that the Sun Defendants promoted TRX and BTT to U.S. investors through electronic communications, including tweets by Sun and celebrities Sun paid; that Sun attended conferences in the U.S. to promote TRX and BTT; and that Sun and the Tron Foundation entered into an agreement to have TRX listed on Bittrex, a U.S.-based trading platform. *See* ECF No. 64 at 18-20 (discussing allegations).

[3]    Again, similar to *Hardin*, the SEC's Amended Complaint alleges that the Sun Defendants targeted U.S. investors with offers of TRX and BTT, and then made unregistered domestic sales of TRX and BTT to investors who bought those crypto securities while located in the U.S. *See* ECF No. 64 at 36-40 (discussing allegations).