

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

March 5, 2026

**VIA ECF**

Honorable Edgardo Ramos
United States District Judge
United States District Court for the Southern District of New York
500 Pearl St., New York, New York 10007-1312

      Re:    *SEC v. Justin Sun et al.*, No. 1:23-cv-02433-ER

Dear Judge Ramos:

      Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this letter to notify the Court that it has reached a settlement with Defendants Justin Sun, Tron Foundation Limited ("Tron Foundation"), BitTorrent Foundation Ltd. ("BitTorrent Foundation"), and Rainberry, Inc. ("Rainberry") (collectively, "Defendants"). The proposed Final Judgment as to the Defendants will be filed electronically as ECF No. 96, with the Defendants' executed consent attached thereto as Exhibit 1. The Commission respectfully requests that the Court enter the proposed consented-to Final Judgment.

      Among other things, the Final Judgment as to Rainberry would: (1) permanently enjoin Rainberry from violating Section 17(a)(3) of the Securities Act of 1933 ("Securities Act"); and (2) order Rainberry to pay a civil penalty of $10,000,000, pursuant to Securities Act Section 20(d)(1). The remaining claims against Rainberry would be dismissed with prejudice. The Final Judgment would also dismiss all claims against Justin Sun, Tron Foundation, and BitTorrent Foundation.

      The Commission has reviewed and approved the terms of the settlement, as reflected in the Consent and proposed Final Judgment. Rainberry, Justin Sun, Tron Foundation, and BitTorrent Foundation have consented to entry of the Final Judgment.

      The Court should approve the proposed Final Judgment because it is fair and reasonable and does not disserve the public interest. *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 293-96 (2d Cir. 2014). The proposed Final Judgment is "within the Court's authority to enter . . . and within Plaintiff's authority to enforce ......." *United States v. IBM, Corp.*, No. 14-Civ-936, 2014 WL 3057960, at *2 (S.D.N.Y. July 7, 2014). Moreover, absent a "substantial basis in the record for concluding that the proposed

1

consent decree" is not fair, not reasonable, or would disserve the public interest, "the district court is required to enter the order[s]." *Citigroup*, 752 F.3d at 294.

If approved by this Court, and with Defendants neither admitting nor denying the Commission's allegations as to Rainberry regarding the settled claim, the consent judgment would fully resolve the Commission's claims against the Defendants. The Commission intends to file a separate Notice on this date that would dismiss all claims against the last remaining defendant, DeAndre Cortez Way, and therefore resolve the case in its entirety.

The Commission therefore respectfully requests that the Court approve and enter the parties' proposed Final Judgment, which will be filed electronically as ECF No. 96.

Respectfully submitted,


  /s/  *Adam B. Gottlieb*
Adam B. Gottlieb
Counsel for Plaintiff
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549


CC: All counsel of record (via ECF)

2