**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                         Plaintiff,<br><br>                  v.<br><br>JUSTIN SUN, TRON FOUNDATION LIMITED, BITTORRENT FOUNDATION LTD., RAINBERRY, INC., AUSTIN MAHONE, and DEANDRE CORTEZ WAY,<br><br>                                         Defendants. | No. 1:23-cv-02433-ER |

**CONSENT OF DEFENDANTS JUSTIN SUN, TRON FOUNDATION LIMITED, BITTORRENT FOUNDATION LTD., AND RAINBERRY, INC.**

1.      Plaintiff Securities and Exchange Commission and Defendants Justin Sun ("Sun"), Tron Foundation Limited ("Tron Foundation"), BitTorrent Foundation Ltd. ("BitTorrent Foundation"), and Rainberry, Inc. ("Rainberry") (collectively, "Defendants") seek to achieve a global resolution in this litigation as to Defendants by settling certain of the Commission's claims against Rainberry, dismissing the Commission's remaining claims against Rainberry, and dismissing all claims against Defendants Sun, Tron Foundation, and BitTorrent Foundation.

2.      Defendants acknowledge having been served with the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Rainberry and over the subject matter of this action. Solely for the purposes of this Consent and in this action only, Defendants admit the Court's jurisdiction over Sun, Tron Foundation, and BitTorrent Foundation.

3.      Without admitting or denying the allegations of the complaint as to Rainberry, Defendants hereby consent to the entry of the Final Judgment in the form attached hereto (the

1

"Final Judgment") and incorporated by reference herein, which, among other things:

       (a)    permanently restrains and enjoins Rainberry from violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, creating a false appearance or otherwise deceiving any person about the price or trading market for any security;

       (b)    orders Rainberry to pay a civil penalty in the amount of $ 10 million under Securities Act Section 20(d)(1); and

       (c)    dismisses with prejudice and without costs or fees all claims against Defendants Sun, Tron Foundation, and BitTorrent Foundation, and all remaining claims against Rainberry pending in this action.

    4.    Rainberry acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. Rainberry agrees that Rainberry shall not argue that it is entitled to, nor shall it benefit by, offset or reduction of any award of compensatory damages in any Related Investor Action by the amount of any part of Rainberry's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Rainberry agrees that

Rainberry shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Rainberry by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

5.     Rainberry agrees that Rainberry shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Rainberry pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Rainberry further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Rainberry pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6.     Rainberry waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.     Rainberry waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.     Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to

enter into this Consent.

9. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Rainberry further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Rainberry understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

      13.     Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint as to Rainberry or creating the impression that the complaint is without factual basis as to Rainberry with respect to the settled claim; (ii) will not make or permit to be made any public statement to the effect that Rainberry does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations as to Rainberry, without also stating that Defendants do not deny the allegations as to Rainberry with respect to the settled claim; and (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint as to Rainberry with respect to the settled claim. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. Defendants also waive any and all claims, demands, rights, and causes of action of every kind and nature, asserted or unasserted, against the Commission and its present and former officers or employees that arise from or in any way relate to this action, including but not limited to investigative steps taken prior to commencing this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

15. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 2026.2.28

_SUN YU CHEN_
Justin Sun

Dated: 2026.2.27

Tron Foundation Limited

By: _Jiang Yiying_
Jiang Yiying
Director

1 YISHUN INDUSTRIAL STREET 1 #05-34
A'POSH BIZHUB SINGAPORE (768160)

Dated: 2.27.2026

BitTorrent Foundation Ltd.

By: *Jiang Yiying*
    Jiang Yiying
    Director

1 YISHUN INDUSTRIAL STREET 1 #05-34
A'POSH BIZHUB SINGAPORE (768160)

Dated: 2.27.2026

Rainberry, Inc.

By: *Weike Sun*
    Weike Sun
    CEO

58 West Portal Ave, #552
San Francisco, CA 94127
United States

Approved as to form:

*Jennifer C. Bretan*

Jennifer Bretan and Michael Dicke
Fenwick & West LLP
Counsel for Defendants Justin Sun,
Tron Foundation Limited,
BitTorrent Foundation Ltd., and
Rainberry, Inc.
Attorney for Defendants

Brad Bondi
Paul Hastings LLP
Counsel for Defendants Justin Sun,
Tron Foundation Limited,
BitTorrent Foundation Ltd., and
Rainberry, Inc.
Attorney for Defendants

7