UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>           vs.<br>JUSTIN SUN, *et al.*,<br><br>                                    Defendants. | Case No. 1:23-cv-2433 (ER) |

**[PROPOSED] FINAL JUDGMENT AS TO
DEFENDANTS JUSTIN SUN, TRON FOUNDATION LIMITED, BITTORRENT
FOUNDATION LTD., AND RAINBERRY, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendants Justin Sun ("Sun"), Tron Foundation Limited ("Tron Foundation"), Bittorrent Foundation Ltd. ("BitTorrent Foundation"), and Rainberry, Inc. ("Rainberry") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Rainberry, over the subject matter of this action, and solely for the purposes of this Consent and in this action only, over Sun, Tron Foundation, and BitTorrent Foundation; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint as to Rainberry with respect to the settled claim; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Rainberry is permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by

1

use of the mails, directly or indirectly to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, creating a false appearance or otherwise deceiving any person about the price or trading market for any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Rainberry's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Rainberry or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Rainberry shall pay a civil penalty in the amount of $ 10 million to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Rainberry shall make this payment within 30 days after entry of this Final Judgment.

Rainberry may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Rainberry may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Rainberry, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Rainberry shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Rainberry relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Rainberry.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Rainberry shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. Rainberry shall not argue that it is entitled to, nor shall it benefit by, offset or reduction of any award of compensatory damages in any Related Investor Action by the amount of any part of Rainberry's payment of a civil penalty

3

in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Rainberry shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Rainberry by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Commission's claims against Rainberry brought pursuant to Sections 5(a) and (c), 17(a)(1), and 17(b) of the Securities Act and Sections 9(a)(1), 9(a)(2), and 10(b) of the Exchange Act of 1934 and Rule 10b-5 thereunder, and all of its claims against Sun, Tron Foundation, and BitTorrent Foundation are DISMISSED WITH PREJUDICE, without costs or fees.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____March 9_____, 2026

_____
UNITED STATES DISTRICT JUDGE